IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MORRIS ANDRE TERRELL,**

      *Petitioner*,

v.                CAUSE NO. 3:24-CV-103-CWR-LGI

**SHERIFF WARD CALHOUN,**

      *Respondent*.

## ORDER

Blackshear, Brandon, and Campbell. Shelton, Steele, and Williams. Over a dozen more names in-between those sets. These are young men—and at least one minor—who found themselves detained in the Lauderdale County Jail for months or years without a trial. Sometimes without an attorney. And these are just those cases that were assigned to this Judge, navigated through enough of the court system to draw attention, and resulted in a hearing or Order on their case. There are dozens if not hundreds more young men that have been subjected to this, that are not enumerated here.

Books could be written about the Lauderdale County Jail. The seeds of the story are already scattered in Court files. Braz Coleman alleged that he was "trapped" in the Jail awaiting indictment. *Coleman v. Lauderdale Cnty.*, No. 3:22-CV-621-TSL-RPM, 2023 WL 11944453, at *1 (S.D. Miss. May 31, 2023). Jarvis Hampton said he was detained "without having been appointed a defense attorney." *Hampton v. Sollie*, No. 3:16-CV-725-CWR-LRA, 2016 WL 7195853, at *1 (S.D. Miss. Dec. 9, 2016). For a period of about two-and-a-half years, a "state-court trial judge, prosecutor, and defense attorney continued [Leroy] Lewis's

criminal cases—and prolonged his pretrial incarceration—over Lewis's written objections." *Lewis v. Sollie*, No. 3:17-CV-324-CWR-LRA, 2018 WL 1098328, at *1 (S.D. Miss. Feb. 28, 2018).

When petitioners like these gentlemen—and we *will* call them gentlemen, because detainees are innocent people awaiting their trial—file petitions like this in federal court, it sometimes draws the attention of the Mississippi Attorney General's Office and the state prosecutor covering Lauderdale County. If those lawyers are embarrassed enough, they drop the charges or promptly reach a plea deal with the detainee, so he is released before this court can act. The federal proceeding is then dismissed as moot. *See, e.g.*, *Webb v. Mississippi*, No. 3:23-CV-96-DPJ-FKB, 2023 WL 8881883, at *1 (S.D. Miss. Dec. 4, 2023); *Reed v. Sollie*, No. 3:17CV604-TSL-LRA, 2018 WL 1024092, at *1 (S.D. Miss. Jan. 31, 2018). *That* petitioner's case is over. But the pattern repeats itself with new detainees.

Today the petitioner is Morris Andre Terrell. The Respondent's name has changed too, as Sheriff Ward Calhoun replaced Billy Sollie as the elected official in charge of the Lauderdale County Jail. In all other respects, though, the situation is unchanged.

*This Case*

Mr. Terrell filed the present petition in February 2024. He claimed he was unlawfully detained in the Lauderdale County Jail. And although the record is dense, it bears out his claim in several key respects. The Court turns to that record now.

Mr. Terrell was arrested in 2023 on drug charges. The state court revoked his probation in part because of that arrest, and in part because he was behind on accumulated fines and fees. The drug charges were set to be tried in Lauderdale County in February 2024.

On the cusp of trial, Mr. Terrell's lawyer moved to continue the matter, citing an obligation in federal court. Mr. Terrell didn't sign that order. Docket No. 11-32. The trial was

2

reset for April 2024. When April arrived, though, Mr. Terrell's lawyer again moved to continue—this time citing an obligation in a state court. Mr. Terrell didn't sign that order either. Instead, someone wrote "LCJ" on the line reserved for "defendant." Docket No. 11-33.

Mr. Terrell's initials aren't LCJ. Those letters mean "Lauderdale County Jail." And their presence suggest that no one thought it 'worth it' to bring Mr. Terrell from jail to court, to ask him if he actually wanted his speedy trial. That Amendment to the Constitution didn't exist for him.

April 2024 turned into August. This federal matter progressed to the point that the State of Mississippi, through the Attorney General's Office, entered an appearance on behalf of the Sheriff of the Lauderdale County Jail. It subsequently moved to dismiss this case. Mr. Terrell sent this Court a series of letters about the case. During that time, his trial was bumped to October.

This Court set this matter for a hearing to be held on November 15, 2024. It arranged for Mr. Terrell to be transported here and invited Mr. Terrell's state-court lawyer to attend. Two days before the hearing, the State filed a supplement asserting that Mr. Terrell's state-court matter was in "plea negotiations." Docket No. 20. His trial had therefore been bumped from October to December. Mr. Terrell signed that order, but didn't waive his speedy trial right. Docket No. 20-2.

At this Court's hearing on November 15, 2024, Mr. Terrell's state court attorney declined to appear, claiming via email he was out of the country. Docket No. 22. Counsel's email made other representations about the case. Mr. Terrell responded they were a "lie." Docket No. 24 at 3. Mr. Terrell advocated for himself opposite counsel from the Mississippi Attorney General's Office. This Court took the matter under advisement.

3

In the following months both Mr. Terrell and counsel for Sheriff Calhoun filed supplemental materials on the docket. Mr. Terrell's state-court trial was reset for April 2025. The part of that Order asking whether Mr. Terrell waived his speedy-trial right said, simply, "NO." Docket No. 27-2. His state-court attorney then moved to withdraw. That request was denied. As it stands today, Mr. Terrell's trial has been reset to June 9, 2025.

*Discussion*

As is its custom in these cases, the Attorney General's Office argues that there's nothing special about Mr. Terrell's case that warrants federal habeas relief. Federal courts shouldn't "derail" pending state actions, it urges. Sure. But this Court cannot derail something that's already gone off the rails. Nothing is happening in state court between counsel's trials, travel, and the fig leaf of plea negotiations. And the argument that there's nothing "special" about Mr. Terrell's case that warrants federal intervention? That is the essence of the problem the Court has been trying to bring to counsel's attention in case after case.

For this is not the first time Lauderdale County has done this. This Court saw it most recently in Rikarion Campbell's case. His counsel repeatedly wrote "in jail" on orders continuing his trial. *See Campbell v. Sollie*, No. 3:23-CV-3035-CWR-ASH, Docket Nos. 5-1 at 18, 10-1 (S.D. Miss.). It was all the more distressing because Mr. Campbell was a minor. And a hearing in that federal matter—one in which state-court counsel *did* appear, to his credit— left this Court with substantial doubt as to whether Mr. Campbell had ever consented to such a continuance. If he had, it would not have been difficult for counsel to secure his client's signature.

4

The formal legal reasons why the State's motion to dismiss must be denied have been recited elsewhere, but apply to the present case. *See, e.g.*, *Hampton*, 2016 WL 7195853, at *2. Lauderdale County's practices may not be special there, but they are extraordinary in the criminal justice world. Clients must make a knowing and informed consent when they waive a constitutional right. Because criminal prosecutions often involve communication between attorneys that the defendant may not be privy to, it is imperative that defense counsel adequately relay information to their client to ensure informed decision making. *See* Miss. Rules of Pro. Conduct. R. 1.4(a)-(b). The Court seriously questions whether Mr. Terrell's state counsel has fulfilled that obligation.

Persons "represented" by an attorney that violates their constitutional rights can hardly be blamed when their lawyer never files a motion for a speedy trial with the trial court. In our State, moreover, the Mississippi Supreme Court will not even entertain a pretrial detainee's speedy-trial invocation. *See Lewis*, 2018 WL 1098328, at *1. Put simply, Mr. Terrell has stated a claim for relief that cannot be summarily adjudicated on the pleadings. The speedy trial portion of his petition must move forward.

Parties to the existing criminal justice system may not care much about this part of the law. But the Sixth Amendment is authoritative text of the Constitution, and the U.S. Supreme Court has for decades told us why it matters to real people. So this Court will simply conclude with its words:

> The time spent in jail awaiting trial has a detrimental impact on the individual. It often means loss of a job; it disrupts family life; and it enforces idleness. Most jails offer little or no recreational or rehabilitative programs. The time spent in jail is simply dead time. Moreover, if a defendant is locked up, he is hindered in his ability to gather evidence, contact witnesses, or otherwise prepare his defense. Imposing those consequences on anyone who has not yet been convicted is serious. It is especially unfortunate to impose them on those

persons who are ultimately found to be innocent. Finally, even if an accused is not incarcerated prior to trial, he is still disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility.

*Barker v. Wingo*, 407 U.S. 514, 532–33 (1972).

*Conclusion*

The motion to dismiss is denied.

**SO ORDERED**, this the 27th day of May, 2025.

                                          s/ Carlton W. Reeves
                                          UNITED STATES DISTRICT JUDGE